IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                         ORDER

            Plaintiff,

                                             14-cv-347-bbc
                                             11-cr-93-bbc

    v.

NORBERTO BURCIAGA,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Norberto Burciaga has filed a motion for post conviction relief under 28 U.S.C. § 2255.  Among other things, he asserts that his counsel failed to file a notice of appeal on his behalf although defendant asked him to do so following his sentencing on March 14, 2012.  He states that he missed the deadline to file a timely § 2255 petition because he did not find out until just recently that his appeal had not been filed.  I will construe his motion as including a request to file an untimely motion under 28 U.S.C. § 2255.

       Section 2255 has only limited opportunities for extending the time for filing.  The statute allows a year for filing, with the year starting to run from the latest of (1) the date

1

on which the defendant's conviction becomes final; (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal one created by government action and one that actually prevented the defendant from filing his motion; (3) the date on which the right asserted was recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and made retroactively applicable to cases on collateral review; or (4) the date on which the defendant could have discovered the facts supporting his claims through the exercise of due diligence.

Defendant was sentenced on March 14, 2012. His one-year period for filing a § 2255 motion expired one year and fourteen days afterwards. (The filing period began to run at the end of the fourteen day period in which he could have taken a direct appeal under Fed. R. App. P. 4(b)(1)(A)(I).) Therefore, defendant had until March 28, 2013, in which to file a § 2255 motion. Since he missed that deadline, he is barred from filing unless he can show that despite his best efforts, he was unable to find out that his counsel had not filed an appeal any earlier than May of 2014. If he can make that showing, his § 2255 motion will be considered timely.

It is defendant's job to show that he could not have filed his motion any sooner, even with the exercise of due diligence. Montenegro v. United States, 248 F.3d 585, 590-93 (7th Cir. 2001). I cannot tell from defendant's statement what specific steps he took to find out the status of his appeal, such as writing the court to ask whether an appeal had been filed.

2

It is questionable whether defendant can make the necessary showing. He says that "When it became evident that no such pending appeal were submitted, Movant, with the aid of prison tutors and law library staff, pursued his due process rights. Over such time, within two institutions, Movant researched his case and now presents the instant motion for the Court's review." Defendant does not indicate specifically when he discovered the appeal was not filed and what steps he took before that time, and when, to check on the status of his appeal. I will give defendant an opportunity to show why his motion was filed so late. At the same time, he should explain to the court how he can show either that he had good reasons for appealing, that his reasons were not legally frivolous or that he reasonably demonstrated to his counsel that he was interested in appealing. Bednarski v. United States, 481 F.3d 530, 536 (2007) (citing Roe v. Flores-Ortega, 528 U.S. 470, 479-80 (2000)).

ORDER

IT IS ORDERED that defendant Norberto Burciaga may have until June 23, 2014, in which to submit an affidavit setting forth the specific facts about what he said to his trial lawyer about appealing his conviction, the efforts he made to learn the status of his appeal from his conviction and why he could not have learned earlier than May of 2014 that his trial lawyer never filed an appeal on his behalf, however hard he might have tried, and what

3

claims he wishes to raise on appeal.

Entered this 16th day of May, 2014.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge