IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.

NORBERTO BURCIAGA,

                        Defendant.

OPINION AND ORDER

14-cv-347-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Norberto Burciaga was sentenced in this court on March 14, 2012. On May 8, 2014, he filed a motion for post conviction relief under 28 U.S.C. § 2255, alleging that his counsel had failed to file a notice of appeal on his behalf, although defendant had asked him to do so. In an order entered on May 16, 2014, dkt. #2, I directed defendant to submit an affidavit setting forth exactly what he asked his lawyer to do on his behalf, the efforts he made to learn the status of his appeal and why he could not have learned earlier that no appeal had been filed.

In response, defendant filed an affidavit, dkt. #3, in which he averred that immediately following his March 14, 2012 sentencing, his counsel assured him that he would file an appeal within 10 days and said that it would probably be a year before the appeal was decided. Defendant says he wrote to the District Court for the Eastern District of Wisconsin in April 2012 to ask about the status of the appeal but was told by the clerk

1

of that court to submit more information because it had no record of the case. Id. at 2 & exh. AA. He attaches a copy of a letter he says he sent to his counsel in May 2012 (the copy itself is undated), asking about the appeal and says that he never received an answer to the letter. Id. at 2 & exh. BB. He maintains that he continued his efforts to check with his counsel about the status of his appeal and his request for a reduction in his sentence under Fed. R. Crim. P. 35 but that his efforts were unproductive. Id. at 2-3 & exhs, CC, DD, EE.

The standard for ineffectiveness of counsel set out in Strickland v. Washington, 466 U.S. 668 (1984), applies to a claim that counsel was constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 428 U.S. 470, 476-77 (2000). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477. It is not necessary for the defendant to show that the appeal "would likely have had merit." Id. Even if the defendant does not make a specific request of counsel, counsel still has a "constitutionally imposed duty" to consult with his client about an appeal in two situations: (1) there is reason to think that a rational defendant would want to appeal or (2) the particular client reasonably demonstrated to counsel that he was interested in appealing. Id. at 480.

Although it appears that defendant has alleged enough to show that counsel was constitutionally ineffective in failing to take an appeal from defendant's conviction, it is not clear that he exercised due diligence in learning the status of the appeal. He has not produced any evidence that he took any actions in 2013, despite his counsel's alleged statement that it would be a year before the court of appeals acted. His first letter after

2012 was to counsel in January 2014. It will be necessary to hold an evidentiary hearing to determine whether defendant is entitled to take a late appeal. Ryan v. United States 688 F.3d 845 (7th Cir. 2012). Therefore, I will ask the Federal Defender to appoint counsel for defendant for the purpose of representing him on this issue. Once counsel has been appointed, the court will hold a scheduling conference to set a date for the evidentiary hearing.

## ORDER

IT IS ORDERED that once counsel has been appointed to represent defendant Norberto Burciaga, an evidentiary hearing will be scheduled to determine whether defendant exercised due diligence in determining whether his trial counsel had filed an appeal of his March 2012 sentence.

Entered this 16th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge