IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                       ORDER

Plaintiff,

                                                    14-cv-347-bbc
                                                    11-cr-93-bbc

     v.

NORBERTO BURCIAGA,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On May 3, 2014, defendant Norberto Burciaga filed a motion for post conviction relief under 28 U.S.C. § 2255. The motion was untimely; defendant had been sentenced in this court on March 14, 2012; his conviction became final 14 days later when he failed to file an appeal. His deadline for filing a post conviction motion was March 28, 2013.

      Defendant was given an opportunity to explain why he did not file earlier. He responded with an affidavit in which he averred that he had asked his lawyer to file an appeal; his lawyer agreed to do so and told defendant that it would be about a year before the appeal was decided. Defendant wrote to the Eastern District of Wisconsin to ask about the matter in April 2012 but was told that the court had no record of his case. Defendant filed a copy of an undated letter he said he sent to his lawyer asking about the case; the letter

was never answered.

Because defendant's affidavit raised questions about the efforts he took to find out the status of his appeal, a hearing was held on August 28, 2014.  The government was represented by Assistant United States Attorney Robert Anderson. Defendant was present in person and with his appointed counsel, Peter Bartelt.

From the record and from the evidence adduced at the hearing, I find the following facts.

FACTS

Defendant was charged in an indictment returned in 2011 with three counts involving marijuana: conspiring to manufacture and distribute it; manufacturing it; and possession with intent to distribute it.  The marijuana growing operation took place in a national forest in northern Wisconsin; defendant's role in the conspiracy was to transport food and supplies to the campsite where his coconspirators were tending the marijuana crop.

The evidence against defendant was so strong that it left no room for any defense. Among other evidence, the government had videotapes of defendant arriving with supplies being met by armed coconspirators.  Rivers told defendant that his only chance of reducing the 10-year mandatory minimum sentence to which he was subject was to cooperate with the government, which he did.  Unfortunately, defendant's cooperation never produced any information that the government found helpful; as a result, the government had no reason

to seek a sentence reduction under Fed. R. Crim P. 35(b). He later pleaded guilty, without a plea agreement, avoiding the possibility that the government would file a § 924 charge against defendant on the ground that he knew that his coconspirators were armed. In February 2012, he was sentenced to the mandatory minimum sentence of ten years. His counsel did not file a notice of appeal.

Defendant was transferred promptly from Dane County, Wisconsin, to the Federal Correctional Institution at Sandstone, Minnesota, and eventually to the prison camp at Duluth, Minnesota. At both places, he was able to use the law library and obtain assistance from prison tutors who helped inmates with legal matters.

Defendant never asked Rivers to file an appeal and never asked him, either by letter or telephone, whether he had done so. (The letter he says he sent Rivers does not contradict this finding; Rivers testified that no such letter was ever received by his office and described the procedures the office follows to track incoming mail and telephone calls.) Rivers never asked defendant whether he wanted to take an appeal. Defendant never checked with this court or with the Court of Appeals for the Seventh Circuit about the status of any appeal. However, two of his brothers and a sister talked with Rivers on several occasions to check on the status of a downward reduction in their brother's sentence for his cooperation.

At the time he was charged in this court, defendant was able to read and speak English. He and Rivers discussed the charges against him on several occasions; Rivers read the plea offers made by the government to defendant more than once and explained the

3

advantages and disadvantages of pleading with an agreement or without one. Rivers reviewed the extensive discovery in the case and discussed it with defendant, telling him why Rivers believed that it would not to possible to defend the case. Defendant's testimony to the contrary was not believable, particularly when he testified that he could not read English, that his counsel did not consult with him before entered his plea of guilty, that his counsel did not send him a copy of the presentence report and that he asked his counsel to take an appeal of his sentence. He demonstrated during the hearing that he could read English and understand it; his suggestion that he was able to read his presentence report only because his sister sent it to him at the jail is not credible. It is not the practice of this district's probation officer to disseminate copies of presentence reports to family members or to allow them to be sent to a prisoner in custody.

As for whether defendant took all the steps of which he was capable to determine the status of his appeal, the record shows that this claim is unfounded. Defendant sent only one letter and that one was to the wrong court and contained no inquiry about an appeal but asked only for a copy of the docket sheet and the judgment and commitment. Defendant's testimony showed that he was capable of obtaining legal help while he was incarcerated and that he began getting such help from the time he arrived at Sandstone.

OPINION

It is uncontested that defendant's counsel never asked defendant about taking an

4

appeal. Although it is always better if counsel does inquire of his client whether he wishes to appeal, the Supreme Court has declined to hold that counsel's failure to consult with his client about an appeal is necessarily unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). A defendant cannot show ineffective assistance under the first prong of Strickland v. Washington, 466 U.S. 668 (1984), unless he can show either that a rational defendant would have wanted to appeal or that he "reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 479-80. Defendant made neither of these showings. His testimony that he asked his lawyer to take an appeal is not credible. As his lawyer explained in his testimony at the hearing, both he and his client understood that the government's case against defendant was too strong to contest and relied instead on obtaining a reduction in the mandatory minimum sentence through cooperation.

Under the circumstances, it is not surprising that defendant took no steps to check on the status of his supposed appeal in this court or in the court of appeals and that he asked his siblings to check on the status of any motion for a reduction of sentence because of his cooperation. He had not asked his lawyer to file an appeal but had counted instead on obtaining a sentence reduction. I conclude that defendant has failed to make the necessary showing that he is entitled to an extension of time in which to file his motion for post conviction relief.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). In this case, defendant has not made the necessary showing, so no certificate will issue. Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that defendant Norberto Burciaga has failed to show that he could not have filed a timely motion for postconviction relief under 28 U.S.C. § 2255. Accordingly, his motion, dkt. #213 (11-cr-93-bbc) is DENIED as untimely. No certificate

of appealability shall issue.  Defendant may seek a certificate from the court of appeals under

Fed. R. App. P. 22, as explained above.

    Entered this 29th day of August, 2014.

                                    BY THE COURT:
                                    /s/
                                  BARBARA B. CRABB
                                  District Judge